JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Plaintiffs-appellees, Frederick Medlock and Frederick Horn, filed a complaint in the Hamilton County Municipal Court against defendant-appellant, Christopher Gavitt, for breach of contract following Gavitt's refusal to pay them for their painting of a motorcycle. Gavitt filed a counterclaim against Medlock and Horn, alleging that the pair had failed to properly paint the motorcycle. Following a trial, a magistrate rendered a decision in favor of Medlock and Horn on their claim against Gavitt, as well as on Gavitt's counterclaim. Gavitt now appeals from the judgment of the trial court adopting the magistrate's decision.
In his first assignment of error, Gavitt argues that the trial court erred by adopting the magistrate's decision because the magistrate had incorrectly found that contractual performance by Medlock and Horn was impossible as a matter of law. In his second assignment of error, Gavitt argues that the trial court erred by rendering judgment in favor of Medlock and Horn on his counterclaim. In essence, Gavitt is arguing that the judgment was against the manifest weight of the evidence. Because we conclude that Gavitt's assignments of error are not well taken, we affirm the judgment of the trial court.
"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."[1] After reviewing the record, we conclude that the judgment in this case was not against the weight of the evidence.
Gavitt had agreed to pay Medlock and Horn $2,666 for the painting of a motorcycle. The job was to be completed in time for a specific car show that was two weeks away. Within that time, Medlock and Horn completed their painting of the motorcycle and told Gavitt that the paint and chemicals needed to cure for forty-eight hours. But after twenty-four hours, Gavitt took the motorcycle to a third party to have it buffed, and he then claimed that the result was not "show quality." Gavitt later paid $1,500 to have the motorcycle repainted.
The magistrate did not conclude that performance by Medlock and Horn was impossible as a matter of law. The magistrate noted that, while it appeared that Gavitt had given Medlock and Horn a task that could not be completed within the allotted time, the pair had finished the painting of the motorcycle. The magistrate also found that Gavitt had failed to present evidence that Medlock and Horn had caused any damage to the motorcycle or that their paint job was defective. These conclusions were in accordance with the evidence. Accordingly, we overrule both assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Hendon, JJ.
[1] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280,376 N.E.2d 578.